UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHANNON MCKINNEY,     )
     )
   Plaintiff,     )
     )
   v.     )   No: 05 C 3818
     )
MARRIOT INTERNATIONAL, INC.,     )   Hon. John W. Darrah
     )
   Defendant.     )

## MEMORANDUM OPINION AND ORDER

This is an employment action brought by Plaintiff, Shannon McKinney, alleging race and sex discrimination under 42 U.S.C. § 2000e, et seq. and race discrimination under 42 U.S.C § 1981. Defendant, Marriot Hotel Services, Inc.,[1] has moved to dismiss Plaintiff's Title VII claims as untimely.

In January 2004, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging that the Defendant discriminated against her on the basis of her race and sex by suspending and terminating her employment. Plaintiff received a Notice of Right to Sue from the EEOC on April 5, 2005, which provided that the Plaintiff had to file suit – if at all – within 90 days, or by July 5, 2005.

On June 29, 2004, the Plaintiff submitted a *pro se* Complaint to the Court. On the same date, Plaintiff applied for leave to proceed *in forma pauperis*. Because the Plaintiff did not properly fill out the application, on August 19, 2005, the Court denied the Plaintiff's petition to proceed *in forma pauperis* without prejudice to refile or pay the filing fee within fourteen days.

---

[1] The Defendant was sued under the misnomer Marriot International, Inc.

On August 30, 2005, the Plaintiff refiled her application to proceed *in forma pauperis*. On September 9, 2005, the Court again denied the Plaintiff's application to proceed *in forma pauperis*, instructing the Plaintiff to pay the required filing fee by October 14, 2005. On October 7, 2005, the Plaintiff paid the required filing fee.

Generally, in reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A civil action "alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 848-50 (7th Cir. 2001). "This 90-day time limit is not jurisdictional, but 'like statute of limitations, is subject to waiver, estoppel, and equitable tolling'." *Triplett v. Midwest Wrecking Co.*, 155 F. Supp.2d 932, 935. If an *in forma pauperis* application is denied, the "plaintiff must pay the fees within 15 days after notice of the denial of the petition, or within another time limit set by the court." Local General Rule 3.3.

The Defendant asserts that the Plaintiff's Complaint should be dismissed as untimely because the filing fee was not paid within 90 days of receiving the Notice-of-Right-to-Sue letter from the EEOC. The Defendant asserts, citing *Humphries v. CBOS West, Inc.*, 343 F. Supp.2d

670, 675 (N.D. Ill. 2004) (*Humphries*), that while the court typically tolls the statute of limitations period while the court is making its determination of whether to grant or deny the application, in cases where the court denies the *in forma pauperis* application, the complaint is not deemed "filed" until the date that the filing fees are paid.

However, "where the court grants a complainant an extension of time to pay the filing fee" or "where the filing fee is paid within 15 days of the notification of the denial of the IFP petition," the complaint can be "held as timely even though the filing fee was paid beyond the 90-day statutory period." *Humphries*, 343 F. Supp.2d at 673. Here, the Plaintiff refiled her second *in forma pauperis* petition within eleven days of the denial and paid the filing fee seven days before the expiration of the Court-imposed time limit.

Thus, for the foregoing reasons, Defendant's Motion to Dismiss is denied.

Dated: March 1, 2006

JOHN W. DARRAH
United States District Court Judge